FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  NOV 08 2017  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Jazzmin Walton on behalf of herself
and all others similarly situated,

          Plaintiff,

v.

Weltman, Weinberg & Reis Co., L.P.A.

          Defendant.

---

CV17 6516

CLASS ACTION

Jury Demanded

FEUERSTEIN, J.

BROWN, M. J.

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1. Plaintiff Jazzmin Walton ("Plaintiff" or "Walton") files this Complaint seeking redress for the illegal practices of Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Defendant" or "WWR"), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### Parties

2. Plaintiff Jazzmin Walton is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services.

1

5. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The alleged debt was allegedly incurred for a car loan.

6. Defendant is a company regularly engaged in the collection of debts allegedly due to others.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

## Factual Allegations

12. Weltman, Weinberg & Reis Co., L.P.A. (WWR) alleges that Plaintiff owes U.S. Bank money for a defaulted car loan.

13. In an attempt to collect the alleged debt, on or about November 11, 2016, Defendant sent Plaintiff a debt collection letter. **(Exhibit A)**

14. Exhibit A seeks to collect a total debt of $11,750.74.

15. Exhibit A details the alleged debt as follows:

2

Current Creditor: U.S. Bank
Account No. – IL XXXXXX9451
WWR No: 30888398
Balance Due as of November 11, 2016: $11,750.74
Account Charge-off Date: 06/30/2015
Total Amount Due at Charge-off: $10,856.24
Total Interest Charged Since Charge-off $606.52
Total Charges and Fees Since Charge-off: $287.98
Total Payment(s) Made Since Charge-off: $00

16. Exhibit A violates the FDCPA in that it fails to adequately inform the least sophisticated consumer of the amount of the alleged debt, and it seeks to collect unauthorized fees and costs.

17. Exhibit A is misleading in that the least sophisticated consumer can interpret Exhibit A two different ways, at least one of which is false.

18. Exhibit A indicates that interest has accrued on the account post charge off, but it does not indicate any information about how to calculate the interest as is required under *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017).

19. Exhibit A also does not include the "safe harbor" language the Second Circuit outlined in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).

20. There is simply no way for the least sophisticated consumer to conclude the proper amount or status of the alleged debt. Nor can the consumer determine what interest and fees may continue to accrue. As such, Exhibit A violates 15 USC 1692e; 1692e(2); 1692e(5); 1692e(10); and 1692g(a).

21. Exhibit A also seeks to collect "Charges and Fees" in the amount of $287.98 allegedly accrued after "charge off."

3

22. Exhibit A also seeks to collect "Interest" in the amount of $606.52 allegedly accrued after "charge off."

23. The imposition of "Interest" "Charges" and "Fees" is illegal under the FDCPA unless the Defendant is able to show that the consumer agreed to such charges, or by showing that the fees and interest are permitted under law.

24. Defendant violated the FDCPA in imposing "interest" "charges" and/or "fees." Imposing "interest" "charges" and/or "fees" after charge off without a legal basis for such violates 15 USC 1692e; 1692(2); 1692e(5); 1692g(a); 1692f; and 1692f(1).

25. In an attempt to collect the alleged debt, on or about February 1, 2017 Defendant sent Plaintiff a debt collection letter. **(Exhibit B)**

26. <u>Exhibit B</u> seeks to collect a total debt of $11,750.74.

27. <u>Exhibit B</u> details the alleged debt as follows:

Current Creditor: U.S. Bank
Account No. – IL XXXXXX9451
WWR No: 30888398
Balance Due as of February 1, 2017: $11,750.74

28. Exhibit B violates the FDCPA in that it fails to adequately inform the least sophisticated consumer of the amount of the alleged debt.

29. Exhibit B is misleading in that the least sophisticated consumer can interpret Exhibit B two different ways, at least one of which is false. Exhibit B does not indicate any information about how to calculate the interest as is required under *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017).

30. Exhibit B also does not include the "safe harbor" language the Second Circuit outlined in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).

31. There is simply no way for the least sophisticated consumer to conclude the proper amount or status of the alleged debt. Nor can the consumer determine what interest and fees may continue to accrue. As such, Exhibit B violates 15 USC 1692e; 1692e(2); 1692e(5); 1692e(10); and 1692g(a).

32. Exhibit B also seeks to collect "Charges and Fees" in the amount of $287.98 allegedly accrued after "charge off."

33. Exhibit B also seeks to collect "Interest" in the amount of $606.52 allegedly accrued after "charge off."

34. The imposition of "Interest" "Charges" and "Fees" is illegal under the FDCPA unless the Defendant is able to show that the consumer agreed to such charges, or by showing that the fees and interest are permitted under law.

35. Defendant violated the FDCPA in imposing "interest" "charges" and/or "fees." Imposing "interest" "charges" and/or "fees" after charge off without a legal basis for such violates 15 USC 1692e; 1692(2); 1692e(5); 1692g(a); 1692f; and 1692f(1).

36. Exhibits A and B appear on the letterhead indicating that the Defendants are attorneys. However Exhibit A and B do not contain an actual signature of an attorney. On information and belief no attorney meaningfully reviewed Exhibit A nor Exhibit B, prior to being sent to the Plaintiff. As such, Exhibits A and B falsely indicate that the documents had been created and approved by an attorney violating 15 USC 1692e(3).

37. The Defendant also violated 15 USC 1692c(b) and 15 USC 1692d in that Defendant communicated with third parties in connection with the alleged debt in by calling the Plaintiff's relatives and leaving messages at Plaintiff's relatives home indicating that they were attempting to collect a debt.

### *Class Action Allegations*

38. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A and/or Exhibit B violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

39. A class action is superior for the fair and efficient adjudication of the class members' claims.

40. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

41. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

42. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

43. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

44. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to <u>Exhibit A and/or Exhibit B</u> attached to Plaintiff's Complaint; (d) which was not returned by the postal service as undeliverable.

45. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

7

## Violations of the Fair Debt Collection Practices Act

46. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## Class Allegations Related to Exhibit A and Exhibit B

47. By sending Exhibit A, the Defendant violated 15 USC 1692g(a) in that the Defendant did not properly and effectively convey the amount of the debt. To the extent that the amount of the debt was conveyed it was confused and overshadowed by additional information provided by Defendant in Exhibit A.

48. By sending Exhibit A, the Defendant violated 15 U.S.C. §§ 1692 e,e(2), e(5), e(10) and 15 USC 1692g(a), by failing to clarify and detail if and how interest was accumulating on the debt. Exhibit A can be read two different ways at least one of which is false. It can be read to indicate that interest was accruing, in that Exhibit A states that that interest has accumulated post charge off. Exhibit A also states that $11,750.74 was owed "As of the date of this letter..." which indicates to the least sophisticated consumer that the amount would change after the date of the letter. Alternatively, Exhibit A does not include any language specifically stating that interest was accumulating and how it was being calculated as required in the Second Circuit. This makes it impossible for the least sophisticated consumer to determine if and how interest was being assessed and the amount of the debt.

8

49. By sending Exhibit B, the Defendant violated 15 U.S.C. §§ 1692 e,e(2), e(5), and e(10), by failing to clarify and detail if and how interest was accumulating on the debt. Exhibit B can be read two different ways at least one of which is false. It can be read to indicate that interest was accruing, in that Exhibit B states that that $11,750.74 was owed "As of February 1, 2017" which indicates to the least sophisticated consumer that the amount would change after that date. Alternatively, Exhibit B does not include any language specifically stating that interest was accumulating and how it was being calculated as required in the Second Circuit. This makes it impossible for the least sophisticated consumer to determine if and how interest was being assessed, and the amount of the debt.

50. By sending Exhibit A and Exhibit B seeking to collect "Interest" "Charges" and "Fees" post charge off, the Defendants violated 15 USC 1692e; 1692(2); 1692e(5); 1692g(a); 1692f; and 1692f(1).

51. Attempting to collect any additional interest, fees, or costs, is illegal under the FDCPA unless the Defendant is able to show that the consumer agreed to such charges, or by showing that such interest, fees, or costs are permitted under law. Defendant violated the FDCPA by imposing "interest" "charges" and/or "fees." Imposing "interest" "charges" and/or "fees" after charge off without a legal basis for such violates 15 USC 1692e; 1692(2); 1692e(5); 15 USC 1692e(10); 1692g(a); 1692f; and 1692f(1).

52. Exhibits A and B appear on the letterhead indicating that the Defendants are attorneys. However, Exhibits A and B do not contain an actual signature of an attorney. On information and belief no attorney meaningfully reviewed Exhibit A nor Exhibit B,

9

prior to being sent to the Plaintiff. As such, Exhibits A and B falsely indicate that the documents had been created and approved by an attorney violating 15 USC 1692e(3).

53. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

54. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

## Communicating with Third Parties

55. The Defendant is also liable to Plaintiff for violating 15 USC 1692c(b) and 15 USC 1692d for calling the Plaintiff's relatives and leaving debt collection messages.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Actual damages provided under the FDCPA, 15 U.S.C. 1692k;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(E) Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
November 6, 2017

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921